UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIO CELLI,<br><br>       Plaintiff,<br><br>-against-<br><br>NEW YORK DEPARTMENT OF EDUCATION; SABRINA COOK; MAYOR DEBLASIO; SPEAKER JOHNSON; SEN. SCHUMER; SHANNON HAMILTON-KOPPLIN; LAW DEPARTMENT/ CORPORATION COUNSEL,<br><br>       Defendants. | 21-CV-10455 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this action *pro se*. Plaintiff raises challenges to his conviction in the United States District Court for the Eastern District of New York on charges of transmitting threats to injure another in violation of 18 U.S.C. § 875(c), *United States v. Celli*, 1:19-CR-00127 (PAE) (ST) (E.D.N.Y. July 20, 2021), *appeal pending*, 21-1760-CR (2d Cir.). He also asserts claims under state law in connection with his teacher tenure hearing at the New York City Department of Education (DOE). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), that it fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil*

*Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Lucio Celli was involved in several civil actions in connection with his work as a teacher employed by the New York City DOE. *See, e.g., Celli v. Cole*, No. 15-CV-3679 (E.D.N.Y. Dec. 27, 2016) (dismissing with prejudice amended complaint "filled with extensive rants, rambling allegations, and many vulgar *ad hominum* attacks"); *Combier v. Portellos*, No. 17-CV-2239 (E.D.N.Y. Sept. 29, 2018) (complaint alleging that Defendant Celli had falsely accused plaintiff of unauthorized practice of law and had sent emails with false and damaging information about plaintiff using his DOE email account).[1] Thereafter, Plaintiff was charged with and pleaded guilty to transmitting threats to injure another in violation of 18 U.S.C. § 875(c) in connection with emails sent to District Judges Brian M. Cogan and Margo K. Brodie, and other public officials. *See United States v. Celli*, 1:19-CR-00127 (PAE) (ST) (E.D.N.Y. July 20, 2021), *appeal pending*, 21-1760-CR (2d Cir.).

In this complaint, Plaintiff invokes the Court's federal question jurisdiction, and asserts that Defendants have violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. (ECF 1 at 2.) Plaintiff brings suit against the DOE; DOE Superintendent Sabrina Cook; the New York City Law Department; Senator Charles Schumer;[2] Mayor Bill De Blasio;

---

[1] In that matter, the court noted that Plaintiff had filed more than "twenty harassing and duplicative motions and letters" and cautioned him not to make further frivolous filings. *Combier*, No. 17-CV-2239 (ECF 135 at 2-3.)

[2] Plaintiff repeatedly describes various federal judges appointed to the United States District Court for the Southern and Eastern Districts of New York as "Schumer judges." Article

2

New York City Council Speaker Corey Johnson; and Shannon Hamilton-Kopplin, Chief Counsel of the U.S. Senate Select Committee on Ethics. Plaintiff also invokes the Court's diversity jurisdiction, though he pleads facts showing that both he and nearly all of the defendants are citizens of New York. (*Id.* at 2-3.)

Plaintiff's complaint is rambling and disjointed. He asserts that District Judge Cogan deprived Plaintiff of "ALL of [his] constitutional rights and now the remedy is to have the trial that was denied" to Plaintiff. (*Id.* at 3.) This appears to be a reference to Plaintiff's 2015 suit, which was dismissed with prejudice more than five years ago. *Celli*, No. 15-CV-3679 (E.D.N.Y. Dec. 27, 2016) (Cogan, J.).

Plaintiff contends that his intent – either in bringing his 2015 lawsuit or in sending the emails for which he was convicted – was "to get justice for what the [United Federation of Teachers (UFT)] and DOE ha[ve] done to him." (ECF 1 at 7.) Plaintiff argues that his criminal proceedings in *Celli*, 1:19-CR-00127, were flawed because he did not want Benjamin Silverman as his defense counsel;[3] Silverman provided ineffective assistance of counsel; and Plaintiff "would have gone to trial " rather than pleading guilty if he had not been "intimidated." (*Id.*)

Plaintiff further argues that his bail proceedings will affect his teacher tenure hearing under New York Education Law 3020-a. (*Id.* at 9-10.) He states that "[t]he DOE will use the bail hearing, where Magistrate Scanlon denied [him] bail because [he] was a danger to the community, . . . at the 3020-a arbitration hearing." (*Id.* at 13.) Plaintiff notes that his criminal

---

II, Section 2 of the U.S. Constitution provides that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint" federal judges. In other words, the process of consulting members of the U.S. Senate regarding the appointment of federal judges is provided for in the U.S. Constitution.

[3] Silverman was appointed to represent Celli after his prior appointed counsel asked to be relieved as counsel due to a breakdown in the attorney-client relationship. *Celli*, 1:19-CR-00127 (ECF 78).

defense lawyer did not present at his bail hearing the fact that unidentified officers of the U.S. Marshals Service "did not believe that [Plaintiff] was a danger to anyone." (*Id.* at 12.)

According to Plaintiff, because of his 5-month incarceration, the DOE denied him "retroactive" payment. (*Id.* at 9.) Plaintiff contends that the DOE's failure to pay him violates New York Correction Law Article 23. Moreover, he alleges that the DOE "sent NYPD to threaten [Plaintiff] to stay away from public meetings." (*Id.*)

Plaintiff also requests that the New York City DOE "not be allowed to take any steps . . . against [him] until the Court of Appeal makes [its] determination because . . . [his] conviction will (should) be reversed – if Randi [Weingarten] does not bri[b]e anyone." (*Id.* at 5.) In the alternative, Plaintiff asks the Court to "order that [Plaintiff's] 3020-a hearing be streamed live. At the hearing, [Plaintiff] want[s] everyone that [he] emailed . . . present," along with others whom he lists; in that case "there is no need for an appeal because [he] get[s] Randi, Betsy [Combier] and the Schumer judges." (*Id.* at 6.)

## DISCUSSION

**A.      Challenges to Criminal Conviction**

A civil action under 42 U.S.C. § 1983 is not the proper vehicle to challenge a criminal conviction. Challenges to the constitutionality of a federal conviction can be raised on direct appeal from the conviction or in a motion under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that a petition for a writ of *habeas corpus*, not a civil rights action, is the remedy for prisoner seeking to challenge the fact or duration of his confinement).

Plaintiff makes several arguments that his conviction in *Celli*, 1:19-CR-00127, was improper. He contends that he was denied his choice of counsel; that his assigned counsel was ineffective; that he was coerced into pleading guilty; and that the denial of bail was improper. Plaintiff's appeal from his conviction is still pending, however, and thus a section 2255 motion is premature. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (holding that, although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," such review should proceed only in extraordinary circumstances because "the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity").

Moreover, a section 2255 motion must be brought in "the court which imposed the sentence," 28 U.S.C. § 2255(a), and thus a challenge to Plaintiff's Eastern District of New York conviction is properly filed in that district. The Court therefore declines to recharacterize this civil action as a motion under section 2255, and dismisses Plaintiff's claims that his constitutional rights were violated in connection with his conviction, without prejudice to Plaintiff's filing such a motion in the district of conviction.[4]

**B.     State Law Claims**

Plaintiff contends that the DOE denied him certain payments due to his detention on criminal charges. He alleges that the denial of payments violates New York Correction Law Article 23-A, which prohibits unfair discrimination against persons convicted of criminal

---

[4] A movant can seek relief under section 2255 when he is in custody on the challenged conviction. 28 U.S.C. § 2255(a). It is unclear if Plaintiff remains "in custody" for this conviction, given the fact that the "in custody" requirement does not require physical confinement. *See, e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that a paroled prisoner was deemed "in custody" for *habeas corpus* relief).

offenses. He also seeks relief in connection with his hearing under New York Education Law § 3020-a, which generally entitles tenured teachers to a hearing before termination.

The Court cannot exercise diversity jurisdiction of these state law claims under 28 U.S.C. § 1332. To establish diversity jurisdiction under section 1332, a plaintiff must allege that the plaintiff and the defendant are citizens of different states and allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Moreover, section 1332(a) "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (holding that Section 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants."). Here, all of the defendants named in the complaint appear to be citizens of New York, with the possible exception of Shannon Hamilton-Kopplin, Chief Counsel of the U.S. Senate Select Committee on Ethics. Thus, diversity of citizenship is not complete.

Generally, the district court must grant a plaintiff leave to amend "'to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (summary order) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). It appears that it would be futile to grant Plaintiff an opportunity to drop all of the defendants whose presence defeats diversity jurisdiction because the only diverse defendant, the Chief Counsel of the U.S. Senate Select Committee on Ethics, has no apparent connection to this action.[5] The Court therefore declines to

---

[5] Plaintiff seems to believe that the role of U.S. senators, in providing advice regarding appointment of individuals to the federal bench, poses an ethical problem. He appears to name

grant Plaintiff leave to amend his complaint to attempt to show that the Court can exercise diversity jurisdiction of the remaining state law claims.

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The Court therefore dismisses Plaintiff's state law claims without prejudice to Plaintiff's pursuing them in an appropriate forum.

## CONCLUSION

Plaintiff's constitutional challenges to his conviction in the Eastern District of New York are dismissed without prejudice to his pursuing these claims on direct appeal from his conviction or in a collateral challenge to his conviction. The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of Plaintiff's state law claims.

---

the Chief Counsel of the U.S. Senate Select Committee on Ethics as a defendant in this action in connection with this view.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 3, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge