UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

                Plaintiff,

     -against-

NEW YORK DEPARTMENT OF
EDUCATION, et al.,

                Defendants.

21-CV-10455 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

     Plaintiff filed this action *pro se*. On January 4, 2022, the Court dismissed the complaint. On January 25, 2022, Plaintiff filed eleven applications on the same day, including a "motion for recusal" (ECF 16), a "motion for relief" (ECF 15), five motions for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure (ECF 17-20, 22), and five letters (ECF 23-27). On January 27, 2022, Plaintiff filed another motion under Rules 59 and 60. (ECF 28.) After reviewing the arguments in Plaintiff's submission, the Court denies the motions.

**DISCUSSION**

**A.     Motion For Recusal**

     A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse [her]self when it is not called for as [s]he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

> Here, Plaintiff alleges the following:
>
> Your Honor is aware that Judge Engelmayer practice law by denying me my intent, then bullied me and then conspired with Mr. Silverman to deprive me of my intent.
>
> Your Honor knew that you have knowledge of facts and you hid your association with Schumer because you conspired with him to cover up the fact that I was deprived of a fair trial.
>
> Your Honor committed fraud upon the court by not allowing me to litigate the issue of recusal and the fact that you have knowledge of facts.
>
> **Please Take Notice**, Your Honor received my emails, like Sen. Schumer. . . .[I]f I were in any of the judges' shoes, I would be shamed taking a bribe from Randi Weingarten.

(ECF 16 at 2-3) (all errors original).[1]

---

[1] Plaintiff's allegations refer, among other things, to his criminal proceedings in *United States v. Celli*, ECF 1:19-CR-00127 (PAE) (ST) (E.D.N.Y.), in which he pleaded guilty to transmitting threatening communications to injure the person of another, in violation of 18

Plaintiff's motion for recusal is largely based on the Court's order dismissing this action, but a judicial ruling is not a valid basis for a bias motion. Moreover, although Plaintiff has repeatedly suggested that the undersigned and other federal judges would not have ruled against him unless they had been bribed, no disinterested observer fully informed of the underlying facts would make such a leap of logic. Finally, this action has already concluded, and there are no remaining matters in this action over which the undersigned will preside. Plaintiff's remedy, if he disagrees with the Court's decision, is an appeal. The Court therefore denies Plaintiff's motion for recusal.

**B.    Motions Under Rules 59(e) and 60(b)**

The standards governing motions under Rule 59(e) of the Federal Rules of Civil Procedure require the movant to demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Rule 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

---

U.S.C. § 875(c)), based on his 2018 emails to federal judges and other federal officials.

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters in this action. Plaintiff's motions under Rule 59(e) are therefore denied.

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

Plaintiff's letters are frivolous and malicious. For example, he asks whether the undersigned has submitted her own name or Judge Engelmayer's "name to the circuit council for

misconduct" (ECF 24), falsely asserts that the undersigned has accepted bribes (ECF 25), and that District Judges Victor Marrero and Ann Donnelly have also accepted bribes (ECF 26-27). Plaintiff's letters do not provide any basis for relief.

## CONCLUSION

Accordingly, Plaintiff's applications (ECF 15-28) are denied. Plaintiff's case in this Court under docket number 21-CV-10455 is closed. The Court will accept for filing in this matter only documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 1, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge